# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

AZADEH MARIAM YAZDI          CASE NO. 6:18-CV-00510

VERSUS          UNASSIGNED DISTRICT JUDGE

SCHOOL BOARD OF LAFAYETTE PARISH ET AL          MAGISTRATE JUDGE WHITEHURST

## ORDER

Before the Court is a Motion To Dismiss for Failure To State A Claim Upon Which Relief Can Be Granted 12(b)(6) filed by Defendant, Lafayette Parish School Board ("School Board"), [Rec. Doc. 12], Plaintiff, Azadeh Mariam Yazdi's ("Yazdi"), Memorandum in Opposition [Rec. Doc. 14-1] and Defendant's Reply thereto [Rec. Doc. 17].

On April 14, 2018, Plaintiff filed this Complaint seeking to hold the School Board liable under 42 U.S.C. § 1983 and Louisiana state law for violations of her civil rights caused by the alleged actions of defendants Dr. Donald Aguillard ("Aguillard"), Anette Samec ("Simec"), Barbara Pippin ("Pippin"), Robin Olivier ("Olivier") and Tia LeBurn ("LeBurn"). In her Opposition, Yazdi states that the following represent "all of the facts and allegations included in her original Complaint":

> Plaintiff was employed by the Lafayette Parish School Board as a marketing and recruiting coordinator in the fall of 2016. Part of Plaintiff's job duties including responsibility over the School Board's 'Schools of Choice' program. Through her administration of the Schools of Choice program, Plaintiff uncovered evidence which led her to reasonably believe that the named defendants manipulated the lottery system by which students were selected for the program, in violation of Board policy, as well as federal and state law. After reporting the potential violations to her supervisor, Plaintiff alleges that she was disciplined and recommended for termination by Defendant Olivier. Further, Plaintiff was advised by Defendants Pippin and Samec that she would be treated harshly, including termination, if she took action in reporting the potential violations. Thereafter, Plaintiff allegedly faced harsh and adverse treatment, which she felt was retaliatory in nature and meant to create an unfavorable atmosphere in an effort to force Plaintiff to resign her position. The adverse treatment included sexually suggestive statements by Defendants Samec and Olivier, as well as attempts to coerce Plaintiff into signing a new and unfavorable contract. Finally, Plaintiff alleges that, after reporting the adverse treatment to Superintendent Aguillard, she was reprimanded and eventually terminated, on the recommendation of Defendant Samec.

*R. 14-1, p. 2.*

The School Board filed the instant motion arguing that the only specific claim made in her Complaint against the Board is Yazdi's conclusory allegations that the other individual defendants' "actions [are] attributable to the School Board under the doctrine of *respondeat superior*." *R. 1, ¶ 18*. Because "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory, the School Board requests that the Court dismiss Yazdi's Complaint with prejudice and at her costs. In its Reply to Plaintiff's Opposition memorandum, the School Board further contends that Yazdi made broad conclusory allegations in her Complaint that Defendants violated

her "civil rights existing under the Constitution of the United States of America as well as the Louisiana Constitution" as well as "damages for Louisiana tort," *Id., ¶3*, but for the first time raised in her Opposition only that (1) "she was "exercising free speech under the First and Fourteenth Amendments;" (2) "her right to freedom from workplace harassment under federal Equal Employment Opportunity laws" was violated; and (3) "her statutorily-protected rights under the Louisiana Whistleblower Statute" was violated. *R. 14-1, p. 4*. Additionally, they state that it appears Yazdi contends that the "single incident exception" is an exception to the prohibition of municipal liability under the doctrine of *respondeat superior* that applies to her case. *Id., pp. 7-8*.

The School Board argues that Yazdi has failed to allege sufficient facts in her Complaint to establish any of these claims raised solely in her Opposition to the instant motion. The Court agrees**.** To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead [in the Complaint] "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.,2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *In re Katrina Breaches Litig*. at 205 (quoting *Twombly*, at 555).

Here, Yazdi requests that the Court grant her leave to amend her Complaint in order to the allege facts sufficient to state a claim under Federal Rule of Civil Procedure 8." *R. 14-1, p. 9*. Accordingly,

**IT IS ORDERED** that the Motion to Dismiss is **DENIED WITHOUT PREJUDICE** to allow Plaintiff, within <u>fourteen (14) days</u> of the entry of this ruling, the opportunity to seek leave to amend her Complaint; and thereafter, to the rights of the Defendant to reurge its motion to dismiss.

**THUS DONE AND SIGNED** this 20th day of September, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE