UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

AZADEH MARIAM YAZDI

CASE NO. 6:18-CV-00510

VERSUS

JUDGE ROBERT R. SUMMERHAYS

LAFAYETTE PARISH SCHOOL BOARD,
ET AL.

MAGISTRATE CAROL WHITEHURST

## MEMORANDUM RULING

Pending before the Court is a Rule 12(b)(6) Motion to Dismiss [Doc. No. 29] filed by Individual Defendants Annette Samec, Barbara Pippin, Dr. Donald Aguillard, Robin Olivier, Tia LeBrun, Suzanne Thibodeaux, and Joseph Craig (collectively "the Individual Defendants").[1] Plaintiff Azadeh Yazdi has filed an Opposition [Doc. No. 31], to which the Individual Defendants have filed a Reply [Doc. No. 32]. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

## I.
## BACKGROUND

On April 14, 2018, Plaintiff Azadeh Yazdi filed this lawsuit alleging that the Lafayette Parish School Board ("LPSB") and Individual Defendants Samec, Pippin, Aguillard, Olivier, and LeBrun are liable under 42 U.S.C. § 1983 for violation of Plaintiff's civil rights, as well as for tortious conduct under Louisiana state law. [Doc. No. 1] On September 14, 2018, Plaintiff sought leave to file a supplemental complaint to add Individual Defendants Thibodeaux and Craig. [Doc. No. 18] The Court denied that motion, but ordered Plaintiff to file a consolidated amended and

---

[1] Plaintiff additionally sued the Lafayette Parish School Board. The Board is not a party to this Motion.

supplemental complaint.[2] [Docs. No. 21, 22] On October 8, 2018, Plaintiff filed a Consolidated Supplemental and Amended Complaint ("Amended Complaint") [Doc. No. 26], adding Individual Defendants Thibodeaux and Craig and attempting to further clarify her claims. Plaintiff alleges that, after beginning employment with LPSB, she learned of violations of LPSB policy and state and federal law by certain of the Individual Defendants. [Doc. No. 26 at ¶¶ 10-16, 19-20] Plaintiff asserts that after she informed Individual Defendants Samec and Pippin of these violations, the Individual Defendants took retaliatory actions against her – including harassing and threatening Plaintiff, tampering with her personnel file, encouraging her to quit, and ultimately terminating her employment. [Doc. No. 26 at ¶¶ 17-33] Plaintiff further alleges that Defendant Aguillard, Superintendent of the Lafayette Parish School System, was made aware of these retaliatory actions but did not intervene. [Doc. No. 26 at ¶ 33] Plaintiff further asserts that after her employment was terminated, certain Individual Defendants disclosed false and negative comments in Plaintiff's personnel file to prospective employers in an effort to damage her employment prospects. [Doc. No. 26 at ¶ 29] In light of these allegations, Plaintiff requests that the Court "declare the employment acts and/or practices. . . to be in violation of Plaintiff's constitutionally-protected rights," and to "purge Plaintiff's personnel file of all discriminatory and retaliatory information." [Doc. No. 26 at 19-20] Plaintiff further seeks compensatory damages and punitive damages against the Individual Defendants, as well as costs and attorneys' fees. [Doc. No. 26 at 20]

---

[2] The Court simultaneously denied Motions to Dismiss that had been filed by LPSB and the Defendants named in the Original Complaint.

## II.
## STANDARD OF REVIEW

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Id.* at 161–62. When deciding a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)(citations, quotation marks, and brackets omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *(citing Twombly,* 550 U.S. at 555, 127 S.Ct.1955). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000).

# III.
# ANALYSIS

### A. COUNT ONE: VIOLATION OF 42 U.S.C. § 1983

Count One appears to assert a *Monell* claim of municipal liability for violation of § 1983 against LPSB, and a claim under § 1983 against Defendant Aguillard in his official capacity as Superintendent of the Lafayette Parish School System.[3] [Doc. No. 26 at ¶¶ 36, 38, 43] The *Monell* claim against LPSB is addressed in this Court's ruling on LPSB's separate Motion to Dismiss.[4] Defendant Aguillard argues that Plaintiff's *Monell* claim against him should be dismissed because it is duplicative of the *Monell* claim against LPSB and fails to sufficiently allege any of the elements of a *Monell* claim against him. [Doc 29-1 at 9]

Claims against an official in his or her official capacity are "only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 362, 116 L.Ed.2d 301(1991); *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir.2005). Because Plaintiff can sue the governmental entity directly, she would not be prejudiced by dismissal of claims against the Individual Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 3104–06, 87 L.Ed.2d 114(1985). When the governmental entity itself is a defendant, claims against employees of the entity in their official capacity are redundant, and therefore should be dismissed. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). Because LPSB remains a party to this matter, Plaintiff's *Monell* claim against Defendant Aguillard

---

[3] The Court reaches this conclusion because (1) a *Monell* claim is the only avenue for holding local government entities liable under § 1983, *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (internal quotations and citations omitted), and (2) Plaintiff cites *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (U.S. 1978) for the proposition that Defendant Aguillard is not barred from liability under § 1983. [Doc. No. 26 at ¶ 38]

[4] Doc. No. 33.

in his official capacity must be dismissed. The Individual Defendants' motion is granted in this respect.[5]

## B. COUNT TWO: RETALIATION IN VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

### 1. *Monell* Claims Against the Individual Defendants

The Individual Defendants argue that Plaintiff has failed to state claims of municipal liability against them under a *Monell* analysis. [Doc. 29-1 at 9] Plaintiff concedes that if the Court finds her official capacity claims against the Individual Defendants to be redundant, then a discussion of *Monell* is inapplicable at this stage. [Doc. No. 31-2 at 9-10] As noted above, with respect to Defendant Aguillard, the Court agrees. The *Monell* analysis sets out the elements that must be proven for a local government to be held liable under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). To the extent Plaintiff attempts to assert claims under § 1983 against the Individual Defendants other than Dr. Aguillard in their official capacities, those claims are dismissed as redundant, and the *Monell* analysis is not applicable to the Individual Defendants. Therefore, the Individual Defendants' motion to dismiss Plaintiff's municipal liability claims against them is granted.

### 2. Claims Against Individual Defendants in their Individual Capacities

As a threshold matter, the Individual Defendants argue that, while Plaintiff purports to sue them in both their *individual and official* capacities [Doc. No. 26 at ¶5], she is actually suing them solely in their *official* capacities. [Doc. No. 29-1 at 7] The Individual Defendants draw this conclusion from Plaintiff's allegation that the Individual Defendants "acted within the course and

---

[5] To the extent Plaintiff attempts to assert § 1983 claims against the other Individual Defendants in their official capacities, those claims would suffer the same defect as the § 1983 claim against Defendant Aguillard in his official capacity, in that they would also be duplicative of the *Monell* claim against the LPSB.

scope of their employment and authority with the [Lafayette Parish School System] when unlawfully violating Plaintiff's constitutionally protected rights." [Doc. No. 26 at 41] The Individual Defendants assert that if they acted in the course and scope of their employment, "then they were acting on behalf of their employer and not in their own personal capacities." [Doc. No. 29-1 at 7] Accordingly, the Individual Defendants contend that the official capacity claims against them are duplicative of those brought against LPSB, and therefore must be dismissed. *Id.* at 9. Plaintiff contends that she has properly stated a claim against the Individual Defendants in both their individual and official capacities. [Doc. No. 31-2 at 7]

As noted above, the Court agrees that Plaintiff's claims against the Individual Defendants in their official capacities should be dismissed as duplicative of those against LPSB. To the extent Plaintiff asserts a claim against the Individual Defendants in their official capacities, the Individual Defendants' motion is granted.

The Court disagrees, however, that Plaintiff only brings suit against the Individual Defendants in their official capacities. Claims against government officials in their individual capacities "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer*, 502 U.S. at 25. The requirement that an official act under color of state law means that a government official may be held liable precisely because of the authority afforded by that position. *Id.* at 27-28. Plaintiff asserts that she is suing the Individual Defendants in their official and individual capacities for actions taken pursuant to the duties and/or authorities of their governmental positions, which is precisely the actions for which § 1983 imposes liability. [Doc. No. 26 at ¶ 5] Whether Plaintiff will ultimately prevail on her claims against the Individual Defendants in their individual capacities remains unknown, but the inquiry at this stage is simply whether Plaintiff has sufficiently stated such claims. The Court finds she has. [Doc. No. 25 at ¶¶

5, 41] Accordingly, the Court must address whether Plaintiff has stated a claim under § 1983 based on a violation of her First Amendment rights.

### 3. Violation of Plaintiff's First Amendment Rights

The Individual Defendants assert that Plaintiff's First Amendment claim should be dismissed, arguing that only Defendant Aguillard had sufficient authority to impair Plaintiff's First Amendment rights, and that none of Plaintiff's alleged speech was protected by the First Amendment.[6] [Doc. No. 32 at 3-7] The Individual Defendants argue that none of Plaintiff's alleged speech was protected by the First Amendment, because (1) her reports of violations of policy and/or state and federal law were made as part of her duties as Marketing and Recruiting Coordinator, not as a private citizen, and (2) her reports of violations of law regarding her personnel file were strictly personal and not of public concern. [Doc. No. 32 at 6-7] Plaintiff maintains that she has alleged facts which demonstrate "a collective effort to deprive Plaintiff of her constitutionally protected rights." [Doc. No. 31-2 at 7]

"Employees in some cases may receive First Amendment protection for expressions made at work." *Garcetti v. Ceballos*, 547 U.S. 410, 420, 126 S. Ct. 1951, 1959, 164 L. Ed. 2d 689 (2006). To prove a claim for employment retaliation related to speech, a public employee must show: (1) she suffered an adverse employment action; (2) she spoke as a citizen on a matter of public concern; (3) her interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action. *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016) (*citing Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007)). An adverse employment action is one that causes harm to the plaintiff

---

[6] Defendants also assert that in the event Plaintiff's personal capacity § 1983 claims are not dismissed, Defendants intend to raise the defense of qualified immunity in their Answer. [Doc. 32 at 3] As qualified immunity has thus not been raised at this time, the Court will not address it now.

that is "sufficiently serious to constitute a constitutional injury," such as discharge, demotion, refusal to hire or promote, or reprimand. *Serna v. City of San Antonio*, 244 F.3d 479, 483 (5th Cir. 2001) (citations omitted). Whether an employee speaks as an employee or a citizen depends on whether the relevant speech is "ordinarily within the scope of [the] employee's duties." *Lane v. Franks*, 573 U.S. 228, 240, 134 S. Ct. 2369, 2379, 189 L. Ed. 2d 312 (2014). If a public employee's speech is made pursuant to that employee's official duties, then the employee is not speaking as a citizen for First Amendment purposes. *Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d 689, 693 (5th Cir. 2007) (*citing Garcetti*, 547 U.S. at 1959-60). "Speech involves matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community." *Lane,* 573 U.S. at 241 (internal citations and quotations omitted). "Speech relating to official misconduct or racial discrimination almost always involves matters of public concern." *Charles v. Grief*, 522 F.3d 508, 514 (5th Cir. 2008).

Plaintiff has sufficiently alleged the first and last elements of her First Amendment claim: that she suffered an adverse employment action and that these adverse actions resulted from her disclosures about LPSB's "Schools of Choice" program. Plaintiff has also adequately pled that these disclosures involve matters of public concern.[7] Specifically, Plaintiff alleges that she was retaliated against by other employees of LPSB, including the Superintendent of Lafayette Parish Schools, for expressing concerns regarding potential violations of LPSB policy and state and federal law by other employees. [Doc. 26 at ¶¶ 17-33] Plaintiff alleges that her concerns related to violations of policy and law which threatened to undermine structures designed to "maintain racial and socioeconomic balance" in the Lafayette Parish School System and established as part

---

[7] While Plaintiff does not explicitly allege that her interest in her speech outweighed the government's interest in the efficient provision of services, the Court reads the Amended Complaint to imply such a claim to the extent Plaintiff seeks redress for the retaliation and termination.

of a suit to address segregation in area schools [Doc. No. 26 at ¶¶ 11-12], which can be fairly considered to relate to a matter of political or social concern. Plaintiff alleges that her expression of concern precipitated adverse employment action(s) against her. While there is no dispute that Defendant Aguillard was the only Defendant with the authority to fire Plaintiff, firing is not the only form of adverse employment action, nor is it the only adverse action which Plaintiff alleges. Plaintiff alleges that the Individual Defendants' retaliation took the form of harassment, threats to her employment, tampering with her personnel file (including knowingly placing false complaints therein), and reprimand, in addition to termination [Doc. No. 26 at ¶¶ 17-33], some or all of which might constitute adverse employment actions.

However, Plaintiff's allegations do not support the last essential element of her First Amendment claim: that she was speaking as a citizen and not in her capacity as public employee. In *Garcetti*, the Supreme Court concluded that a deputy district attorney's recommendation to superiors to dismiss a pending matter based on perceived flaws in a warrant was not protected by the First Amendment because making such recommendations to superiors was part of the plaintiff's duties as a deputy district attorney. *Garcetti*, 547 U.S. at 421. In *Williams*, the court ruled that a high school athletic director's complaints and memoranda to superiors regarding alleged misconduct by other members of the athletic department were not protected by the First Amendment because, in part, the memoranda were written in his capacity as an athletic director, rather than as a "father," "taxpayer," or other concerned citizen. *Williams*, 480 F.3d at 694. Moreover, the core thrust of the memoranda was that misconduct by other employees was hindering the plaintiff's ability to carry out his functions as head of the athletic department. *Id*. In each of these cases, the relevant complaints might have been matters of public concern, but they were made in the ordinary course of each employee's job. The complaints also remained within

the hierarchy of each organization. In *Lane*, by contrast, the court held that sworn testimony, compelled by a subpoena and made by a public employee whose ordinary job responsibilities did not include sworn testimony, was protected by the First Amendment even though the testimony concerned matters related to the employee's ordinary job responsibilities. *Lane*, 573 U.S. at 238.

Here, Plaintiff alleges that she had "substantial responsibility in the administration and [implementation] of the LPSB's 'Schools of Choice' program." [Doc. No. 26 at ¶ 10] When Plaintiff discovered alleged improprieties regarding the LPSB program, she reported her concerns to her supervisors, including Defendant Olivier. [Doc. No. 26 at ¶ 17] Plaintiff alleges that the Individual Defendants, including her supervisor, then retaliated against her for expressing those concerns, and that in response she escalated her concerns to the highest levels in the chain of command, including Defendant Aguillard. [Doc. No. 26 at ¶¶ 18-33] The Court concludes that Plaintiff's complaints related to a program that was part of her job responsibilities and were made to her supervisors in her role with the "Schools of Choice" program. There are no allegations that Plaintiff's speech was compelled by an outside authority, or that she reported the complaints outside the chain of command at LPSB, such as reporting her complaints to the press. Therefore, the relevant speech is more akin to that in *Garcetti* and *Williams* rather than the speech in *Lane*. Accordingly, the Court concludes that Plaintiff's speech here was made not as a citizen, but as an employee of LPSB based on the allegations in the Amended Complaint. The Court therefore finds that Plaintiff has not stated a claim for violation of her First Amendment rights by the Individual Defendants. The Individual Defendants' motion is therefore granted as to Count Two.

C. COUNT THREE: *RESPONDEAT SUPERIOR* UNDER LA. C.C. ART. 2320

The Individual Defendants contend that Plaintiff's claims asserting liability pursuant to *respondeat superior* under Louisiana Civil Code Article 2320 should be dismissed because none

of the Individual Defendants were Plaintiff's employer at any relevant time. [Doc. No. 29-1 at 13] Plaintiff agrees that LPSB was her employer at all relevant times, and that her claims under *respondeat superior* are better directed to that entity. [Doc. No. 21-1 at 11-12] Consequently, the Individual Defendants' motion as to Plaintiff's claims against the Individual Defendants in Count Three is granted.

### D. COUNT FOUR: VIOLATION OF LOUISIANA WHISTLEBLOWER STATUTE (LA. R.S. § 23:967)

The Individual Defendants argue that if all federal claims against them are dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Alternatively, the Individual Defendants contend that Plaintiff's claims against them under Louisiana Revised Statute § 23:967 should be dismissed because none of the Individual Defendants were Plaintiff's employer at any relevant time. [Doc. No. 29-1 at 13] Plaintiff agrees that LPSB was her employer at all relevant times, and that her claims under § 23:967 are better directed to the LPSB. [Doc. No. 21-1 at 11-12] Accordingly, the Individual Defendants' motion as to Plaintiff's claims against them under La. R.S. § 23:967 is granted.

### E. COUNT FIVE: VIOLATIONS OF LOUISIANA TORT LAW

The Individual Defendants contend that Plaintiff's claims of negligence should be dismissed because Plaintiff only alleges intentional conduct, rather than unintentional conduct.[8] [Doc. No. 29-1 at 16, Doc. No. 32 at 9] The Individual Defendants argue that Plaintiff fails to state claims for negligence and/or gross negligence under La. C.C. Art. 2315 because "all of [Plaintiff's] factual allegations against the Individual Defendants describe purposeful, intentional, and malicious actions...not of any unintentional breaches of duty." [Doc. No. 32 at 8-9] Plaintiff

---

[8] Defendants alternatively assert that this Court should choose not to exercise supplemental jurisdiction over Plaintiff's state law claims if all federal claims are dismissed. [Doc. No. 29-1 at 15, Doc. No. 32 at 9]

asserts that she has made sufficient factual allegations to state claims in tort against the Individual Defendants. [Doc. No. 31-2 at 12-13]

In the Amended Complaint, Plaintiff alleges generally that the actions of the Individual Defendants were negligent, grossly negligent, and tortious under La. C.C. Art. 2315 *et seq.*, and that they violate general tort law principles. [Doc. No. 26 at ¶ 68] The only claim specifically stated, however, is intentional infliction of emotional distress [Doc. No. 26 at ¶ 69], and therefore it is not clear that Plaintiff is asserting a claim of negligence separate and apart from her claim of intentional infliction of emotional distress. Nonetheless, reading the Amended Complaint liberally, the Court finds that Plaintiff attempts to state a claim for intentional infliction of emotional distress, and a claim for negligent infliction of emotional distress in the alternative.

In order to prove a claim for intentional infliction of emotional distress, a plaintiff must show (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. *Deville v. Robinson*, 2013-832 (La. App. 3 Cir. 2/26/14), 132 So. 3d 1277, 1280–81 (*citing White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La.1991)). Extreme and outrageous conduct is that which goes "beyond all possible bounds of decency, [so as] to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* Conduct that is simply tortious or illegal does not rise to the level of extreme and outrageous, it must cause distress so severe that no reasonable person could be expected to endure it. *Id.* In workplace settings, intentional infliction of emotional distress has been limited to cases involving a pattern of deliberate, repeated harassment over a period of time, where the employer's conduct was intended

or calculated to cause severe emotional distress, "not just some lesser degree of fright, humiliation, embarrassment or worry." *Id.*

Louisiana jurisprudence also recognizes a claim of negligent infliction of emotional distress unaccompanied by physical injury, though not as an independent tort. *Simmons v. State*, 2018-0174 (La. App. 4 Cir. 8/29/18), 255 So. 3d 701, 704-05, *writ denied*, 2018-1613 (La. 12/17/18), 259 So. 3d 345. A plaintiff asserting negligent infliction of emotional distress must prove the elements of negligence, namely:

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform his or her conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; (5) actual damages.

*Id.* When a claim of negligent infliction of emotional distress is unaccompanied by physical injury, the plaintiff must prove that the defendant violated some legal duty to the plaintiff, exhibited outrageous conduct, and that there was an "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Id.* at 705 (internal quotations and citations omitted). "Louisiana courts have limited recovery to those cases involving factual circumstances where the defendant's conduct was declared outrageous because the defendant was found to have breached a special direct duty to the plaintiff and where the resulting mental distress the plaintiff suffered was easily associated with the defendant's conduct." *Pelitire v. Rinker*, 18-501 (La. App. 5 Cir. 4/17/19), 270 So. 3d 817, 829 (*citing Covington v. Howard*, 49,135 (La. App. 2 Cir. 8/13/14), 146 So.3d 933, 937, writ denied, 14-1927 (La. 11/21/14), 160 So.3d 973) (internal quotations omitted).

Plaintiff alleges that she has suffered severe emotional distress, and that it was caused by specific conduct by the Individual Defendants, including but not limited to: making false and

detrimental allegations to Defendant Aguillard regarding Plaintiff, which contributed to her termination [Doc. No. 26 at ¶ 18]; tampering with Plaintiff's personnel file in an effort to jeopardize her employment [Doc. No. 26 at ¶ 21]; attempting to coerce Plaintiff into agreeing to a less favorable employment contract [Doc. No. 26 at ¶ 22]; refusing to take corrective action against threats made to Plaintiff in violation of LPSB policy [Doc. No. 26 at ¶ 27]; and disclosure of false allegations to prospective employers in an attempt to prevent Plaintiff from obtaining subsequent employment. [Doc. No. 26 at ¶ 29] Plaintiff alleges that these actions were in breach of the Individual Defendants' duties [Doc. No. 26 at ¶ 68], that she suffered damages including past and future medical expenses [Doc. No. 26 at ¶¶ 71-72], and that those damages were caused by Defendant's breaches. [Doc. No. 26 at ¶¶ 18, 71-72]

As to Plaintiff's claim of intentional infliction of emotional distress, Plaintiff alleges that she suffered severe emotional distress, and alleges conduct that could constitute extreme and outrageous behavior. Plaintiff does not, however, allege facts supporting the claim that the Individual Defendants desired to inflict severe emotional distress, or knew that such distress would be certain or substantially certain. The Individual Defendants' motion is therefore granted as to Plaintiff's claim of intentional infliction of emotional distress.

As to Plaintiff's claim of negligent infliction of emotional distress, the Court finds that she has asserted the elements of negligence – namely, that the Defendants failed to conform to their duty of appropriate conduct toward Yazdi, and that their conduct caused actual damages. As stated above, Plaintiff has alleged that the Individual Defendants' conduct amounted to extreme and outrageous behavior and that this conduct caused Plaintiff extreme emotional distress. The Court concludes that, for purposes of this Rule 12(b)(6) Motion, Plaintiff has adequately pled the

elements of a negligence claim. The Individual Defendants' motion is therefore denied as to that claim.

## F. CLAIMS OF GENDER DISCRIMINATION AND/OR SEXUAL HARASSMENT

The Individual Defendants argue that Plaintiff's claims for gender discrimination and/or sexual harassment under Title VII and the Louisiana Employment Discrimination Law ("LEDL") should be dismissed because Plaintiff does not explain the legal theory underlying those claims, and because none of the Individual Defendants qualify as Plaintiff's employer under either state or federal law. [Doc. 29-1 at 16-18] Plaintiff contends that she does not assert any claims against the Individual Defendants under Title VII or the LEDL, and only described her purported discrimination and/or harassment to provide "a complete factual background of the events giving rise to her claims." [Doc. 31-2 at 10-11]. Therefore, the Individual Defendants' motion as to Plaintiff's claims under Title VII and the LEDL is denied as moot in light of Plaintiff's stipulation that she does not assert a gender discrimination or harassment claim.

## G. CLAIMS FOR VIOLATION OF LA. R.S. §§ 17:1234 AND 1237

The Individual Defendants seek dismissal of Plaintiff's claims under La. R.S. §§ 17:1234 and 1237 because those statutes do not provide a private cause of action for damages. [Doc. No. 29-1 at 19] Plaintiff responds that while Defendant Samec did violate the statutes as part of a campaign of harassment, Plaintiff does not seek redress under Title 17, and that she described the violations only because they "speak to Individual Defendants' motivations in subjecting Plaintiff to retaliatory conduct." [Doc. 31-2 at 12] Therefore, the Individual Defendants' motion as to Plaintiff's claims under La. R.S. §§ 17:1234 and 1237 is denied as moot in light of Plaintiff's stipulation that she does not assert these claims.

## H. LEAVE TO REPLEAD

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should "freely" grant leave to amend when "justice so requires." But this "generous standard is tempered by the necessary power of a district court to manage a case." *Priester v. J. P. Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013). One key exception to this generous standard is where the amendment would be futile. *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). In determining futility, courts "apply the same standard of legal sufficiency as applies to Rule 12(b)(6)." *Id.* In other words, if an amendment would be subject to the same grounds of dismissal as under a defendant's original Rule 12(b)(6) motion, amendment would be futile and the court should deny leave to amend. A review of the record shows that – unlike Plaintiff's *Monell* claim against LPSB – Yazdi has had minimal prior notice of deficiencies in her claims against the Individual Defendants, and that she has not had a prior opportunity to address those deficiencies. Under these circumstances, the Court cannot find that leave to replead would be futile. The Court therefore allows leave to replead the Complaint in conformity with this Memorandum Ruling. All such amendments or repleadings shall be filed no later than fourteen (14) days from the date of this ruling.

## IV.
## CONCLUSION

For the reasons set forth above, the Individual Defendants' Rule 12(b)(6) Motion to Dismiss [Doc. No. 29] is GRANTED IN PART AND DENIED IN PART.

The motion is DENIED AS MOOT as to the following of Plaintiff's claims against the Individual Defendants in light of Plaintiff's concession that she is not asserting these claims: gender discrimination under Title VII; sexual harassment under Louisiana Employment Discrimination Law; and violation of La. R.S. Title 17.

The motion is GRANTED as to the following of Plaintiff's claims against the Individual Defendants: municipal liability; § 1983 claims against the Individual Defendants in their official capacities; retaliation in violation of the First Amendment; claims under *respondeat superior*; violation of La. R.S. § 23:967; and intentional infliction of emotional distress. Those claims are DISMISSED WITHOUT PREJUDICE.

The motion is DENIED with respect to Plaintiff's negligence claim.

As to those causes of action for which Plaintiff has failed to state a claim, leave to replead is GRANTED. If Plaintiff seeks to replead, an amended complaint shall be filed no later than fourteen (14) days from the date of this ruling.

THUS DONE AND SIGNED in Chambers on this 30th day of September, 2019.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE