# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

AZADEH MARIAM YAZDI                    CASE NO. 6:18-CV-00510

VERSUS                                 JUDGE ROBERT R. SUMMERHAYS

LAFAYETTE PARISH SCHOOL BOARD,         MAGISTRATE CAROL WHITEHURST
ET AL.


## MEMORANDUM RULING

Pending before the Court is a Rule 12(b)(6) Motion to Dismiss Claims of Second Consolidated Supplemental and Amended Complaint filed by defendants Annette Samec, Barbara Pippin, Dr. Donald Aguillard, Robin Olivier, Tia LeBrun, Suzanne Thibodeaux, and Joseph Craig (collectively "the Individual Defendants") [ECF No. 44] and a Third Motion to Dismiss filed by Defendant Lafayette Parish School Board ("LPSB"). [ECF No. 46] For the following reasons, the motions are GRANTED IN PART and DENIED IN PART.

## I.
### BACKGROUND

On April 14, 2018, Plaintiff Azadeh Yazdi filed this lawsuit alleging that LPSB and the Individual Defendants are liable under 42 U.S.C. § 1983 for violation of Yazdi's civil rights, as well as for tortious conduct under Louisiana state law. [ECF No. 1] On September 14, 2018, Yazdi sought leave to file a supplemental complaint to add Individual Defendants Thibodeaux and Craig. [ECF No. 18] The Court denied that motion but ordered Yazdi to file a consolidated amended and supplemental complaint. [ECF Nos. 21, 22] On October 8, 2018, Yazdi filed a Consolidated Supplemental and Amended Complaint ("Amended Complaint") [ECF No. 26], adding Individual

Defendants Thibodeaux and Craig and attempting to further clarify her claims. The Individual Defendants and LPSB each filed a motion to dismiss the Amended Complaint. [ECF Nos. 29 and 33, respectively] This Court granted in part and denied in part each motion and granted Yazdi leave to replead certain claims [ECF Nos. 38 and 40, respectively].

Yazdi has filed a Second Consolidated Supplemental and Amended Complaint ("Second Amended Complaint"). [ECF No. 43] Yazdi asserts substantively identical claims as those made in the Amended Complaint but adds additional allegations as discussed below. As before, Yazdi alleges that after beginning employment with LPSB she learned of violations of LPSB policy and state and federal law by certain of the Individual Defendants.  [ECF No. 43 at ¶¶ 10-16, 19-20] Yazdi asserts that after she informed Individual Defendants Samec and Pippin of these violations, the Individual Defendants took retaliatory actions against her – including harassing and threatening Yazdi, tampering with her personnel file, encouraging her to quit, and ultimately terminating her employment. [ECF No. 43 at ¶¶ 17-33] Yazdi further alleges that Defendant Aguillard, Superintendent of the Lafayette Parish School System, was made aware of these retaliatory actions but did not intervene. [ECF No. 43 at ¶ 33] Yazdi also asserts that after her employment was terminated, certain Individual Defendants disclosed false and negative comments in her personnel file to prospective employers in an effort to undermine her employment prospects. [ECF No. 43 at ¶ 29] In light of these allegations, Yazdi requests that the Court "declare the employment acts and/or practices. . . to be in violation of Yazdi's constitutionally-protected rights," and to "purge Yazdi's personnel file of all discriminatory and retaliatory information."  [ECF No. 43 at 22] Yazdi further seeks compensatory damages and punitive damages against the Individual Defendants, as well as costs and attorneys' fees. [*Id*.] LPSB has filed the instant motion to dismiss the Second Amended Complaint, which the Court will address below.

## II.
### STANDARD OF REVIEW

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Id.* at 161–62. When deciding a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)(citations, quotation marks, and brackets omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *(citing Twombly,* 550 U.S. at 555, 127 S.Ct.1955). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000).  However, "the court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005).

### III.
#### ANALYSIS

**A.  Claims under LEDL, Title 17, and Title VII.**

The Individual Defendants seek dismissal of Yazdi's claims against them under the Louisiana Employment Discrimination Law ("LEDL"), Title 17 of the Louisiana Revised Statutes, and Title VII of the Civil Rights Act of 1964 on the grounds that these claims were previously dismissed by the Court and the Second Amended Complaint makes no substantive revisions to those claims. [ECF No. 44-1 at 4-5] Yazdi does not address this argument in her Opposition, nor is the Second Amended Complaint substantively different as to those claims. In ruling on the Individual Defendants' prior motion to dismiss, the Court denied as moot the Individual Defendants' motion regarding claims under the LEDL, Title VII, and Title 17, noting Yazdi's stipulation that she did not assert any such claims against the Individual Defendants. [ECF No. 37 at 15] Given the prior stipulation and the fact that the Second Amended Complaint is substantively identical to the Amended Complaint regarding claims under the LEDL, Title 17, and Title VII, the motion is DENIED as moot as to those claims.

**B.  *Monell* Municipal Liability Claims under § 1983.**

As in the prior complaint, the Second Amended Complaint continues to assert municipal liability claims against LPSB and official-capacity claims against the Individual Defendants. As the Court explained in dismissing the official-capacity claims, a claim under 42 U.S.C. § 1983 against a public official in his or her official capacity is actually a claim against the governmental entity that the official represents – here, LPSB. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). A governmental entity such as the LPSB may not be held liable under section 1983 for the violation of constitutional rights on a theory of vicarious liability. *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017), *cert. denied sub nom. Hicks-Fields v. Harris Cty., Tex.*, ___ U.S.

___, 138 S. Ct. 510 (2017). It may, however, be liable under *Monell v. Dep't of Soc. Servs* when allegedly unconstitutional conduct "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, 690 (1978).  To state a *Monell* claim, a plaintiff must allege facts that plausibly establish that (1) an official policy, (2) that was promulgated by the municipal policymaker, (3) was the moving force behind the violation of a constitutional right. *Blanchard-Daigle v. Geers,* No. 18-51022, 2020 WL 730586, at *2 (5th Cir. Feb. 12, 2020). The requirement of an official policy may be satisfied by proof  of an "official policy or custom that deprives individuals of their constitutional rights" or "a persistent, widespread practice which, although not officially promulgated, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Esteves*, 106 F.3d at 677 (*citing Monell*, 436 U.S. at 694); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985)).

The Court previously ruled that Yazdi's official-capacity claims against the Individual Defendants and her *Monell* claims against LPSB are redundant. With respect to the *Monell* claims against LPSB, the Court ruled that Yazdi had failed to state a claim because she did not allege that official LPSB policy was the driving force for any of these actions, nor that these actions were part of a widespread practice so common and well-settled as to constitute municipal policy. Instead, Yazdi alleged that the Individual Defendants retaliated against her for speaking out about purported violations of policy but not that any of their actions were part of an official LPSB policy or custom. While Yazdi did assert that LPSB tacitly approved of the Individual Defendants' actions by not taking steps to modify their conduct [ECF No. 26 at ¶ 54], she did not allege facts sufficient

to support such an allegation,[1] nor would that have cured the failure to allege facts supporting a causal connection between an official custom or policy and a deprivation of a federally protected right, which is required for municipal liability under section 1983. The Second Amended Complaint repeats the allegations of the Amended Complaint but adds new allegations that the Individual Defendants' actions violated LPSB policies. [ECF No. 43 at ¶¶ 30, 33].

The Second Amended does not cure the problems that led the Court to dismiss the municipal liability claims asserted in the Amended Complaint. First, the Court dismissed the *Monell* claims against LPSB in the Amended Complaint and did not grant leave to re-plead. Accordingly, those claims were dismissed with prejudice. Since the official-capacity claims against the Individual Defendants are actually claims against LPSB, those claims must also be dismissed in light of the Court's prior ruling on the LPSB claims.

Second, the new allegations in the Second Amended Complaint merely restate Yazdi's allegations that the Individual Defendants *violated* LPSB policy, not that an LPSB policy *itself* was the moving force behind a violation of her constitutional rights. This distinction is critical because LPSB cannot be held vicariously liable for actions by the Individual Defendants that might

---

[1] As the Court previously explained, while it is possible for a policymaker to incur municipal liability through ratification of a subordinate's misdeeds, such ratification requires "extreme factual situations" which the Court does not find present in the Amended Complaint. *See Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986) (*citing Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir.1985), in which the court found municipal policy could be inferred from the fact that, after "reckless" use of excessive force by police caused the wrongful death of a bystander, the city maintained no wrongdoing had occurred, took no corrective action, instituted no policy or training changes, and showed "no sign of any concern except that the City avoid liability."). Plaintiff did not, however, assert any facts showing ratification by LPSB other than Aguillard's failure to take corrective action after being notified of the alleged misconduct. The Amended Complaint states that "a number of board members were aware of the retaliation, including Aguillard" [ECF No. 26 at ¶ 32], but is silent as to who those members were, how they came to know about the retaliation, or any actions by those members which might evince *post hoc* ratification of any alleged misconduct. The Second Amended complaint does not add facts that support Plaintiff's conclusory assertion of ratification.

violate LPSB policy. *Hicks-Fields*, 860 F.3d at 808. Nor has Yazdi pled facts showing a practice so common and well-settled as to represent municipal policy.

Third, the Second Amended Complaint (or the prior Amended Complaint, for that matter) does not plead facts identifying an offending official LPSB policy that was promulgated by an **LPSB policymaker**. To state a claim of liability under section 1983, a plaintiff must allege facts that plausibly establish that an official policy **was promulgated by the municipal policymaker**. *Blanchard-Daigle v. Geers,* No. 18-51022, 2020 WL 730586, at *2 (5th Cir. Feb. 12, 2020) (emphasis added). That policymaker must have "final policymaking authority." *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 227 (5th Cir. 2009). State law guides the determination as to the official whose decisions represent the official policy of the local government unit. *Jett v. Dallas Independent School Dist.,* 491 U.S. 701, 737 (1989). "A Louisiana school superintendent is not a policymaker for *Monell* purposes." *Randolph v. E. Baton Rouge Par. Sch. Sys*., 774 F. App'x 861, 865 n.1 (5th Cir. 2019) (*citing* La. R.S. § 17:81(A)(1)). Accordingly, Defendant Aguillard is not an LPSB policymaker. By extension, the remaining Individual Defendants, who are LPSB employees, are not LPSB policymakers. Accordingly, Yazdi has not pled an essential element of a *Monell* claim.

Fourth, Yazdi has not pled a violation of her constitutional rights. Yazdi alleges that LPSB and the Individual Defendants retaliated against her for exercising her First Amendment right of free speech. As explained below, however, Yazdi has not stated a First Amendment retaliation claim. Hence, she cannot, by extension, connect any LPSB policy to a violation of her constitutional rights.

In sum, Yazdi has not stated a *Monell* municipal liability claim regardless of whether her claims are framed as a direct claim against LPSB or official-capacity claims against the Individual Defendants. Both Motions to Dismiss are therefore GRANTED as to Yazdi's *Monell* claims.

### C.   Retaliation in Violation of the First Amendment.

The Court previously dismissed Yazdi's First Amendment retaliation claims because her allegations established that she expressed her concerns regarding the Schools of Choice Program as a public employee, not as a private citizen. Specifically, Yazdi's claim is based on speech involving her concerns about the Schools of Choice Program, an area over which she had "substantial responsibility." [ECF No. 26 at ¶ 10; ECF No. 43 at ¶ 10] Moreover, she expressed these concerns only to her supervisors and superiors along the chain of command within the LPSB. [ECF No. 26 at ¶¶ 17-33; ECF No. 43 at ¶¶ 17-33] On this question, the only relevant revision in the Second Amended Complaint is the allegation that Yazdi "spoke herein as a citizen on a matter of public concern." [ECF No. 43 at 16] Yazdi further argues that that she will offer evidence to prove her citizen status at trial. [ECF No. 48 at 14] No further facts are offered in the Second Amended Complaint or Yazdi's opposition to the motion to dismiss.

Even with these new allegations, the Second Amended Complaint still does not state a First Amendment retaliation claim. To prove a claim for retaliation against a public employee related to speech, the employee must show: (1) she suffered an adverse employment action; (2) ***she spoke as a citizen on a matter of public concern***; (3) her interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action. *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016) (*citing Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007)). Whether a statement is made as an employee or as a citizen is a ***question of law***. *Graziosi v. City of Greenville Miss.*, 775 F.3d 731,

736 (5th Cir. 2015) (*citing Davis v. McKinney*, 518 F.3d 304, 315 (5th Cir.2008)). "When a public employee speaks pursuant to her official duties, she does not speak as a citizen and her statements are not entitled to constitutional protection." *Id*. (*citing Garcetti v. Ceballos,* 547 U.S. 410, 421 (2006)).

Here, the Second Amended Complaint only adds the conclusory statement that Yazdi was speaking as a private citizen. This conclusory statement is belied by the specific facts alleged in the complaint establishing that Yazdi was speaking as a public employee. These facts cannot be overcome by a bare legal conclusion that merely tracks an element of Yazdi's claim. Consequently, the motion is GRANTED as to the retaliation claim against the Individual Defendants in their individual capacities.

### D. *Respondeat Superior* Pursuant to La. Civ. Code Ann. art. 2320.

The Individual Defendants seek dismissal of Yazdi's claims against them under La. Civ. Code. Ann. art. 2320, arguing that Yazdi reasserts the same arguments made in the Amended Complaint. [ECF No. 44-1 at 9] Yazdi does not dispute this assertion, nor does she argue that her article 2320 claim against the Individual Defendants should be maintained. [ECF No. 43 at 15-17] In addition to this agreement between the parties, the Court notes that the section of the Second Amended Complaint that discusses Count Three is unchanged relative to the section of the Amended Complaint discussing that claim. When this Court considered this issue previously, the parties agreed that this claim was better directed toward LPSB, and the claim was dismissed. [ECF No. 37 at 10-11] Therefore, the Individual Defendants' motion to dismiss is GRANTED to the extent Yazdi asserts claims against the Individual Defendants under La. Civ. Code Ann. art. 2320. The Court previously held that Yazdi stated a claim under article 2320 against LPSB arising from NIED, for which a claim was stated against the Individual Defendants. [ECf No. 39 at 8-9] As

noted below, the Court will decline to exercise supplemental jurisdiction over the remaining state law tort claims. Accordingly, the Court will GRANT LPSB's motion to dismiss with respect to this claim.

### E.  Violation of Louisiana Tort Law.

The Court previously construed the Amended Complaint as intending to state a claim of intentional infliction of emotional distress ("IIED"), or alternatively a claim for negligent infliction of emotional distress ("NIED"). [ECF No. 37 at 12] The Court ruled that the Amended Complaint did not sufficiently state a claim for IIED but did sufficiently state a claim of NIED. [*Id.* at 14-15] As to IIED, the Individual Defendants argue that Yazdi's claim should be dismissed because the Second Amended Complaint is identical to the Amended Complaint regarding her tort claims. [ECF No. 44-1 at 10; ECF No. 49 at 4] Yazdi asserts that she has sufficiently stated a claim for IIED because the Individual Defendants knew that severe emotional distress would be certain or substantially certain. [ECF No. 48 at 19-20] As to NIED, notwithstanding that the Second Amended Complaint alleges no new facts regarding the claim, the Individual Defendants make the new argument that it should be dismissed because Yazdi does not allege that her personal safety was threatened or endangered, and therefore she has not alleged extreme and outrageous conduct that could support a claim for NIED. [ECF No. 44-1 at 10-13] Yazdi argues that because the Court found previously that she stated a claim for NIED, the motion should be denied again. [ECF No. 48 at 21]

### 1.  Intentional Infliction of Emotional Distress.

The Individual Defendants argue that because the Second Amended Complaint is identical to the Amended Complaint on the issue of IIED, their motion should be granted. [ECF No. 44-1 at 10] Yazdi argues that she has stated a claim for IIED because the Second Amended Complaint

asserts that the conduct was done "in a willful and wanton manner" and "was substantially certain to cause severe emotional distress," and therefore "it is clear that the Individual Defendants knew that severe emotional distress would be certain or substantially certain." [ECF No. 48 at 19-20] Because no new factual allegations or arguments are made as to IIED, the Court comes to the same conclusion it reached previously. The Individual Defendants' motion and LPSB motion are GRANTED as to that claim.

**2.    Negligent Infliction of Emotional Distress.**

The Individual Defendants and LPSB address Yazdi's NIED claim for the first time, and argue that it should be dismissed because Yazdi does not allege that any of the Individual Defendants made a threat to her personal safety or physically endangered her. [ECF No. 44-1 at 13; ECF No. 46-1 at 9-10] They further argue that Yazdi does not identify a special duty they owed to her which they allegedly breached. [*Id.*] Yazdi contends that because the Court has already found that she stated a claim for NIED, the motion should be denied as to that claim. [ECF No. 48 at 21-22] LPSB and the Individual Defendants argue that they did not address a NIED claim in their prior motions to dismiss because it was not clear that Yazdi sought to plead a NIED claim. [ECF No. 44-1 at 10-11; ECF No. 46-1 at 5-6] As explained further below, however, the Court will decline to exercise supplemental jurisdiction on this sole remaining state-law claim and order that the claim be dismissed. Accordingly, the Individual Defendants' motion and LPSB motion are GRANTED.

**F.    Violation of Louisiana Whistleblower Statute LA. R.S. 23:967.**

Previously, the Court dismissed Yazdi's claim for violation of LA. R.S. 23:967 on the grounds that, while she alleges she advised LPSB through its employees of the violation of state law by other employees, and that she was fired as a result of refusing to participate in continuing

violations of state law, she did not specify a state law that was violated. [ECF No. 39] The Court granted Yazdi leave to replead her whistleblower claim. [*Id.*] LPSB argues that Yazdi's repleaded claim for violation of 23:967 should be dismissed because the Second Amended Complaint again fails to identify any state law that was violated. [ECF No. 46-1 at 5] Yazdi contends that her allegation that tampering with the Schools of Choice program violated "state and federal law prohibiting actions as to persons on the basis of race, color or creed" satisfies the requirement to identify a violated state law. [ECF No. 48 at 13]

A plaintiff asserting a claim under Louisiana's whistleblower statute must show (1) her employer violated a state law through workplace practice, (2) the plaintiff advised her employer of the violation, (3) the plaintiff refused to participate in the prohibited practice or threatened to disclose it, and (4) the plaintiff was fired as a result of her refusal to participate in the unlawful practice. *Gaspard v. Bechtel Corp. Inc.*, No. CV 2:16-01431, 2017 WL 924188, at *2 (W.D. La. Mar. 6, 2017). A plaintiff alleging violation of 23:967 must specify a state law that was actually violated; a good faith belief of a violation is insufficient. *Id.* (*citing Genella v. Renaissance Media*, 115 Fed. Appx. 650, 652 (5th Cir. 2004)). A claim under 23:967 requires a violation of state law, not federal law. *Encalarde v. New Orleans Ctr. for Creative Arts/Riverfront*, 2014-2430 (La. 2/13/15), 158 So. 3d 826; *Wilson v. Tregre*, 787 F.3d 322, 326 (5th Cir. 2015). The Fifth Circuit has held that a plaintiff who fails to identify the state law that was allegedly violated by the defendant has failed to state a claim under 23:967. *Genella*, 115 Fed.Appx. at 652 (*citing Ware v. CLECO Power LLC*, 90 Fed. Appx. 705, 709 (5th Cir. 2004)).

Yazdi's new allegations still fail to sufficiently identify a specific state law that she alleges was violated. Instead, she alleges generally that LPSB violated "state and federal law prohibiting actions as to persons on the basis of race, color or creed." [ECF No. 43 at ¶ 15] This allegation

fails to provide LPSB adequate notice of the specific statutory duties or obligations that Yazdi claims they violated. For example, Yazdi's allegation could encompass multiple statutory or regulatory provisions, each of which may impose different legal duties. Without this information, LPSB cannot frame a viable response or assert defenses to the claim. *See, e.g., Costin v. GOTECH, Inc.*, No. CV 16-873-SDD-RLB, 2018 WL 3451513, at *9 (M.D. La. July 17, 2018) (allegations did not include any reference or citation to Louisiana laws or statutes that were violated). The Court identified this problem in its prior ruling, yet Yazdi still has not identified the specific statute (or statutes) or regulations upon which she is basing her claim despite an opportunity to re-plead. Accordingly, both motions are GRANTED as to Yazdi's whistleblower claim under 23:967. That claim is dismissed with prejudice.

### G.    Supplemental Jurisdiction.

The Court deferred the question of exercising supplemental jurisdiction in its prior ruling because Yazdi was granted leave to re-plead her federal claims. [ECF No. 39] Those claims have now been dismissed. Under 28 U.S.C. § 1367(a), a district court can exercise supplemental jurisdiction over a claim that is so related to a case or controversy over which the court has original jurisdiction that the supplemental claim forms part of the same case or controversy. 28 U.S.C. 1367(a). However, a district court may decline to exercise supplemental jurisdiction over such claim if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) there are other compelling reasons for declining jurisdiction, in exceptional circumstances. 28 U.S.C. § 1367(c). These factors must be considered on a case-by-case basis, and no single factor is dispositive. *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rough Par.*, 373 F. App'x 438, 442 (5th

Cir. 2010). In general, a district court "should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). In addition to the factors set out in § 1367(a), the court should consider judicial economy, convenience, fairness, and comity, and especially whether the court has invested a significant amount of resources in the litigation. *Id*. Such considerations include whether extensive or substantive motions have been filed and/or ruled on, whether a scheduling order has been issued, whether hearings have been held, the relative convenience of the relevant state and federal courthouses, and whether it will prejudice either party to have the state law claims heard in state court. *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 749 (5th Cir. 2014).

The only remaining claims in the present case are for NIED and for vicarious liability arising from that NIED, both under Louisiana state law. The Court has dismissed all remaining federal claims without leave to re-plead. There is no independent basis for federal court jurisdiction over the remaining state law claims. This case is still at the pleading stage and has not advanced to discovery. No scheduling order has been issued. Moreover, negligent infliction of emotional distress claims are relatively novel and not well established under Louisiana law, in contrast to *intentional* infliction of emotional distress claims. Considering these factors, the Court will DECLINE to exercise supplemental jurisdiction over Yazdi's remaining claims for negligent infliction of emotional distress and vicarious liability arising therefrom, and orders that these claims be dismissed.

## IV.
### CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that the Rule 12(b)(6) Motion to Dismiss Claims of Second Consolidated Supplemental and Amended Complaint filed by the Individual Defendants [ECF No. 44] is GRANTED IN PART and DENIED IN PART, and the Third Motion to Dismiss filed by LPSB [ECF No. 46] is GRANTED.

The Individual Defendants' motion to dismiss Plaintiff's claims under the LEDL, Title 17, and Title VII, are DENIED AS MOOT.

All of Plaintiff's claims against LPSB and the Individual Defendants, whether in their official or individual capacities, with the exception of (1) Plaintiff's negligent infliction of emotional distress claim against the Individual Defendants and (2) Plaintiff's vicarious liability claim against LPSB, are DISMISSED WITH PREJUDICE.

The Court DECLINES to exercise supplemental jurisdiction over Plaintiff's negligent infliction of emotional distress claim and claim for vicarious liability arising therefrom. Those claims are DIMISSED WITHOUT PREJUDICE. This dismissal is STAYED for thirty (30) days from the date of this ruling in order to provide Plaintiff's counsel time to file those claims in state court.

THUS DONE AND SIGNED in Chambers on this 30th day of September, 2020.

_____
**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**